# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.                                   Case Number: 4:16-CR-00113-P(03)

LAUREN WHITNEY MOORE          U.S. Marshal's No.: 54053-177

### JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, LAUREN WHITNEY MOORE, was represented by Curt Crum.

**THE DEFENDANT:**

Pled true to violating the Petition for Offender Under Supervision, dated March 29, 2022, the Addendum to Petition for Person Under Supervision, dated April 20, 2022 and the Second Addendum to Petition for Person Under Supervision, dated January 12, 2023.

**See Petition for Offender Under Supervision.**

Certified copy of the Judgment imposed on December 3, 2021, in the U.S. District Court for the Northern District of Texas, Fort Worth Division, is attached.

As pronounced on January 19, 2023, the defendant is sentenced as provided on page 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed January 20, 2023.

_____
MARK T. PITTMAN
U.S. DISTRICT JUDGE

Judgment in a Criminal Case for Revocation  Page **2** of **3**
Defendant:  LAUREN WHITNEY MOORE
Case Number:  4:16-CR-00113-P(3)

## IMPRISONMENT

The defendant, LAUREN WHITNEY MOORE, is hereby committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of **Twenty-Four (24) months** as to Count One. This sentence shall run concurrently with Cause No. CR15563 in Hood County, TX. No additional Supervised Release Ordered.

The Court recommends to the Bureau of Prisons that the defendant be incarcerated at a facility as close to the Dallas, Fort Worth, TX area as possible.

The defendant is remanded to the custody of the United States Marshal.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case for Revocation  Page **3** of **3**
Defendant:  LAUREN WHITNEY MOORE
Case Number:  4:16-CR-00113-P(3)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.                                                          Case Number: 4:16-CR-00113-P(03)

LAUREN WHITNEY MOORE                       U.S. Marshal's No.: 54053-177

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, LAUREN WHITNEY MOORE, was represented by Brook Antonio.

**THE DEFENDANT:**

Pled true to violating Paragraphs I, II, III, IV, and V of the Petition for Offender Under Supervision, dated September 22, 2021.

**See Petition for Offender Under Supervision.**

Certified copy of the Judgment imposed on October 3, 2016, in the U.S. District Court for the Northern District of Texas, Fort Worth Division, is attached.

As pronounced on December 3, 2021, the defendant is sentenced as provided on pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed December 7, 2021.

MARK T. PITTMAN
U.S. DISTRICT JUDGE

**CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK**

By s/*HALEY HENDERSON
**DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
January 19, 2023**

Case 4:16-cr-00113-P   Document 234   Filed 01/20/23   Page 5 of 11   PageID 859

Judgment in a Criminal Case for Revocation                                                    Page **2** of **4**
 Defendant:  LAUREN WHITNEY MOORE
 Case Number:  4:16-CR-00113-P(3)

# IMPRISONMENT

The defendant, LAUREN WHITNEY MOORE, is hereby committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of **FORTY-FIVE (45) days.**

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY (30) months**.

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1 )   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
( 2 )   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
( 3 )   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
( 4 )   You must answer truthfully the questions asked by your probation officer.
( 5 )   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 6 )   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
( 7 )   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 8 )   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Case 4:16-cr-00113-P   Document 234   Filed 01/20/23   Page 6 of 11   PageID 860

Judgment in a Criminal Case for Revocation                                    Page **3** of **4**
Defendant:  LAUREN WHITNEY MOORE
Case Number:  4:16-CR-00113-P(3)

( 9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13) You must follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court;

participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month;

participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Officer for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.  The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month; and,

adhere to the conditions of supervised release previously ordered in the attached certified Judgment.

Judgment in a Criminal Case for Revocation                                                                 Page **4** of **4**
Defendant:  LAUREN WHITNEY MOORE
Case Number:  4:16-CR-00113-P(3)

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:16-CR-00113-O(03) |
| | U.S. Marshal's No.: 54053-177 |
| LAUREN WHITNEY MOORE | Shawn Smith, Assistant U.S. Attorney |
| | Selim Kobla Fiagome, Attorney for the Defendant |

On May 25, 2016 the defendant, LAUREN WHITNEY MOORE, entered a plea of guilty as to Count One of the Information filed on May 17, 2016. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | January 31, 2016 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Information filed on May 17, 2016.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 3, 2016.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 4, 2016.

**CERTIFIED A TRUE COPY**
**KAREN MITCHELL, CLERK**

**By s/*HALEY MILAM**
**DEPUTY CLERK**
**U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS**

**December 6, 2021**

## IMPRISONMENT

The defendant, LAUREN WHITNEY MOORE, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Ninety-Six (96) months** as to Count One of the Information filed on May 17, 2016.  This sentence shall run concurrently with any sentence imposed under Case No. 1417642D, in the 213th District Court of Tarrant County, Texas, which is related to the instant offense.

The Court recommends to the BOP that the defendant be housed at an FCI facility within the Northern District of Texas area, if possible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years** as to Count One of the Information filed on May 17, 2016.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to

confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of placement on probation or release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill;

participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month; and,

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month. (Macro 23AFW)

### FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case Page **4** of **4**
Defendant:  LAUREN WHITNEY MOORE
Case Number:  4:16-CR-00113-O(3)

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

United States Marshal

BY
Deputy Marshal